IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**RICHARD PITTMAN, et al.,**

    **Defendants.**                                     **Case No. 05-CR-30133-DRH**

<u>**ORDER**</u>

**HERNDON, District Judge:**

        This Order is to memorialize the action taken by the Court on October 25, 2005(Doc. 96), which granted defendant Richard Pittman's Motion to Continue Trial Setting (Doc. 94).  Defendant Richard Pittman, on October 21, 2005, filed a Motion to Continue Trial Setting, then scheduled for November 14, 2005 (Doc. 94), explaining that he was only just arraigned on October 13, 2005, with his counsel appointed on October 18, 2005 (*Id*. at ¶ 2).  Further, because his counsel had only just received discovery and there was less than a month before trial, Pittman did not feel the current trial setting would give his counsel adequate time to review the discovery in order to sufficiently prepare his defense (*Id*. at ¶ 3).  There was also wiretap or telephone intercepts his counsel still needed to obtain from the Government (*Id*. at ¶ 4).  Lastly, the Motion states that the Government did not pose an objection to the requested continuance (*Id*. at ¶ 5).  Defendant Richard Pittman's Motion was also unopposed by the other Defendants.

As shown on the Record, the Court granted defendant Richard Pittman's Motion to Continue (Doc. 94), continuing the trial date until March 13, 2006 (*see* Doc. 96). The Court did so upon finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendants in a speedy trial. Although this finding was made "in the judge's mind before granting the continuance . . ." the Court now endeavors to memorialize its finding in this subsequent order, so that they may be made part of the record. **See *Zedner v. United States*, - - U.S. - -, 126 S. Ct. 1976, 1989 (2006);** *see also United States v. Larson*, **417 F.3d 741, 743 (7th Cir. 2005)(Speedy Trial Act findings are not necessarily required to be made contemporaneously with continuance order);** *United States v. Janik*, **723 F.2d 537, 544 (7th Cir. 1983)("[R]equired findings [under the Speedy Trial Act] need not be entered at the same time as the grant of the continuance.")(citing *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982))**.

First in considering whether to grant the continuance, the Court noted that the case was complex, due to the fact that there were twelve separate Defendants indicted by the Government, and the case apparently involved wiretap or telephonically intercepted information, which can typically make discovery more involved. Further, at the time of defendant Richard Pittman's Motion, there were several Defendants who had not yet been arraigned. Because defendant Richard

Pittman had been appointed counsel less than a month prior to the set date for trial, and given that the discovery materials were apparently numerous (with some materials not yet obtained), denying a continuance would also likely serve to deny defendant Richard Pittman's counsel reasonable time necessary for effective preparation, even if he were to act with due diligence.  In sum, the Court found that denial of a continuance at that time, given the circumstances, would likely result in a miscarriage of justice, even when weighed against the interest of the public and the Defendants in conducting a speedy trial (although keeping in mind that none of the other Defendants opposed the continuance).

This reasoning therefore justified the Court in finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendants in a speedy trial.  This finding also allowed the time from when defendant Richard Pittman filed his Motion to Continue (Doc. 94) on October 21, 2005, until the date to which the trial was then rescheduled, March 13, 2006 (Doc. 96), to count as excludable time under the Speedy Trial Act.  Accordingly, the Court's findings herein regarding its Order (Doc. 96) granting defendant Richard Pittman's Motion to Continue Trial (Doc. 94) are now part of the record and the excludable time is also noted.

**IT IS SO ORDERED.**

Signed this 6th day of September, 2006.

/s/        David    RHerndon
**United States District Judge**