IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JAMES E. ROLLINS, Sr., et al.,**

    **Defendants.**                               **Case No. 05-cr-30133-DRH**

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

      Counsel for defendant James E. Rollins, Sr., filed a Motion to Declare Case Complex and to Provide Interim Payments (Doc. 188), pursuant to **18 U.S.C. § 3006A**.  Previously, the Court issued an Order (Doc. 224) on August 30, 2006, deferring ruling on the Motion, instead ordering counsel to file an interim voucher, showing a list of itemized expenses in further support of his Motion.  In accordance with the Order, counsel filed under seal a CJA Form 20 voucher with attached worksheets indicating itemized billable hours.

      First, in order to entertain counsel's Motion, **18 U.S.C. § 3006A** requires the Court to conduct a two-part analysis.  It must first determine whether the case requires "extended" or "complex" representation from the moving attorney.  If the answer is in the affirmative, the Court must then consider what fee is "fair compensation" given the circumstances presented by this particular case.  ***See, e.g., United States v. Stout*, 190 F. Supp. 2d 982, 983 (C.D. Ill. 2000)**(citing ***United***

***States v. Ellzey*, 29 F. Supp. 2d 505, 506 (C.D. Ill. 1998))**. However, a case need not be deemed both extended *and* complex in order to waive the statutory maximum amount of fees incurred by a court-appointed counsel. **Id. (internal citation omitted).**

Although this first step in the Court's analysis is a matter of interpretation, Volume VII of the *Guide to Judiciary Policies and Procedures* contains guidelines developed by the Judicial Conference. **See *United States ex rel. Kubat v. Thieret*, 690 F. Supp. 725, 725-26 (N.D. Ill 1988)**. The guidelines provide:

> [i]f the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex." If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is extended.

**VII *Guide to Judiciary Policies and Procedures*, ch. 2, ¶ 2.22**.

In his Motion, counsel asserts that this case should be declared extended and/or complex because numerous Defendants have been charged with conspiracy to distribute certain narcotics. Aside from involving many Defendants, counsel states that multiple Title III wire taps were conducted, which thereby "necessitates the review of all of the documents pertaining to the original wire tapes [*sic*] and extensions thereof and reports generated as the result of said wire taps, as well as a review of search warrants, supporting affidavits, and numerous CD's of hundreds of taped conversations" (Doc. 188, ¶ 3). As of the date of the Motion, April

18, 2006, counsel had already expended in excess of eighty (80) hours in preparation of defendant James E. Rollins, Sr.'s defense (*Id*. at ¶ 5).  In addition to the inordinate amount of discovery counsel states he must review, he believes there will be a substantial number of witnesses involved at trial (*Id*. at ¶ 6).  Therefore, counsel, as a CJA-appointed attorney for defendant Rollins, Sr., seeks interim payments to viably continue working on this case, the sum total of which will likely be in excess of the statutory maximum.

Considering the facts surrounding this case, such as the number of Defendants involved, the nature and volume of discovery, and the fact that counsel has been representing Defendant for over a year, the Court deems this case "complex and extended" for purposes of **18 U.S.C. § 3006A**.  Therefore, it must now "determine whether excess payment is necessary to provide fair compensation." ***Kubat*, 690 F. Supp. at 726**.  In this regard, the guidelines in Volume VII of the *Guide to Judiciary Policies and Procedures* provide the following criteria:

> responsibilities involved measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee.

**VII *Guide to Judiciary Policies and Procedures*, ch. 2, ¶ 2.22**.

Reviewing the CJA Form 20 voucher submitted under seal by counsel, the Court notes that counsel is using the approved CJA hourly rate.  Further, the

billable work itemized on the attached worksheets appears necessary and appropriate for defendant Rollins, Sr.'s defense preparation.  As this case is extensive, trial may also be extensive, requiring complex preparation.  Therefore, the Court will allow counsel payment in excess of the statutory maximum, in order to relieve the financial burden caused by this appointment.  Accordingly, the Court *preliminarily* **GRANTS** the Motion (Doc. 188), authorizing interim payment in the amount of **$7,362.37.00** be made to William Stiehl, Jr., for his CJA appointment as representative counsel for defendant James E. Rollins, Sr., in this matter, subject to the final approval by the Chief Judge of the Seventh Circuit.  Moving counsel may also file further motions with accompanying CJA Form 20 if need to obtain further interim payment arises.  Said motions should be filed no more frequently than on a quarterly basis.  The undersigned has submitted the voucher for approval by Chief Judge Easterbrook.

    **IT IS SO ORDERED.**

Signed this 20th day of December, 2006.

                                      /s/         David   RHerndon
                                      **United States District Judge**