IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES E. ROLLINS, SR., et al.,

    Defendants.                             Case No. 05-cr-30133-4-DRH

**MEMORANDUM & ORDER**

HERNDON, District Judge:

### I. INTRODUCTION

Before the Court is defendant James E. Rollins, Sr.'s Motion for New Trial (Doc. 453),[1] filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**, to which the Government has filed its opposing Response (Doc. 461).

Rollins, Sr. was found guilty by a jury as to Counts 1 and 5 (Docs. 409 & 412) of the Indictment (Doc. 1). Count 1 charged Rollins, Sr. with conspiracy to knowingly and intentionally manufacture, distribute, and possess with intent to distribute cocaine and a mixture or substance containing cocaine base, in the form of, or commonly known as "crack" cocaine, in violation of **21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A),** and **21 U.S.C. § 846**. Count 5 charged him with knowingly and

---

[1] The Court also notes it previously granted an extension of time for Rollins, Sr. to file this Motion (*see* Doc. 437).

intentionally distributing five hundred grams or more of a mixture or substance containing cocaine, in violation of **21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)**.

Regarding the jury's finding of "guilty" as to Count 1, the Special Verdict found Rollins, Sr. guilty of conspiring to distribute 500 grams or more but less than 5 kilograms of a mixture or substance containing cocaine base (Doc. 410). However, in a separate Special Verdict also regarding Count 1, the jury did *not* find Rollins, Sr. guilty of conspiracy to distribute 5 grams or more of a mixture or substance containing cocaine base, in the form of, or commonly known as, "crack" cocaine (Doc. 411). As to Count 5, the Special Verdict found Rollins, Sr. guilty of knowingly and intentionally distributing 500 grams or more of a mixture or substance containing cocaine (Doc. 413). Rollins, Sr. now awaits sentencing for his conviction, as well as resolution of this post trial motion.

## II. LEGAL STANDARD

Under **FEDERAL RULE OF CRIMINAL PROCEDURE 33**, a defendant may move for a new trial. Upon review, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." **FED. R. CRIM. P. 33(a)**. If the basis for seeking a new trial is not due to new evidence, then the Court must determine if a new trial is warranted because there exists a "reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." ***United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006) (citing *United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996))**. A new trial may also be warranted where a "trial errors or

omissions have jeopardized the defendant's substantial rights." ***United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (citing *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir.1989))**. Such a determination is completely within the Court's sound discretion . ***Id.* (citing *United States v. Nero*, 733 F.2d 1197, 1202 (7th Cir. 1984))**. However, the Court should be mindful that the power bestowed by Rule 33 to grant a new trial should only be done in the "most 'extreme cases.'" ***United States v. Linwood*, 142 F.3d 418, 422 (7th Cir.1998) (quoting *United States v. Morales*, 902 F.2d 604, 605 (7th Cir.1990))**.

### III.  DISCUSSION

According to Rollins, Sr., justice requires a new trial be granted due to certain pretrial errors and errors committed during the course of the trial which served to deny him a fair trial (Doc. 453). Rollins, Sr. specifically asserts two ground he believes entitles him to a new trial under Rule 33: the wiretap authorization order and admission of DEA Special Agent John McGarry's testimony.

**A.     Suppression of Electronic Surveillance Evidence**

Rollins, Sr. first takes issue with the Court's Order authorizing the Government to conduct electronic surveillance pursuant to **18 U.S.C. § 2518(1)(c)**.[2] Prior to trial, Rollins, Sr. filed a Motion to Suppress the Results of Electronic Surveillance (Doc. 284), challenging whether the Order was properly granted in

---

[2] **18 U.S.C. § 2518(1)(c)** requires that the application and affidavit provide a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."

accordance with the statutory requirements. A motion hearing was conducted on January 4, 2007.[3] Specifically, Rollins, Sr. asserted that the Application and Affidavit submitted by the Government requesting a Title III telephone intercept order did not make a sufficient showing of necessity as required by **§ 2518(1)(c)**. Instead of specifically demonstrating the failure or infeasibility of other previously attempted investigative techniques, Rollins, Sr. suggests the application and affidavit merely made "vague assertions of failure or infeasibility" (Doc. 453, p. 2). Denying the Motion to Suppress, the Court found, at the hearing, that the application and affidavit sufficiently met the requirements of **§ 2518(1)(c)**.

Wiretaps are not required to be the *last* resort in an investigation, but also should not be the first method used either. ***United States v. McLee*, 436 F.3d 751, 763 (7th Cir. 2006) (citation omitted)**. Because the Government does not carry a heavy burden to meet the requirements of showing necessity for a wiretap order under **§ 2518(1)(c)**, a court order authorizing the wiretap can be issued for a variety of reasons. ***Id.* (citations omitted)**. In the affidavit submitted by United States Drug Enforcement Agency ("DEA") Special Agent John McGarry (lead investigator), it listed the other methods of investigative techniques used prior to requesting a wiretap order: use of confidential sources, consensual telephone calls, surveillance, administrative subpoenas, telephone records and dialed number recording (Doc. 278, p. 3). Other investigative techniques were rejected due to their

---

[3] Similar motions were also filed by co-defendants Rollins, Jr. and Rudy Slack. Rollins, Sr. and Slack joined Rollins, Jr. in the January 4, 2007 Motion hearing.

inadequacy or because they would not be feasible given the particular circumstances of the investigation: body wires/monitoring devices, mobile tracking devices, closed circuit television cameras, trash seizures, Grand Jury subpoenas, undercover agents, target/associate interviews, search warrants, police records, pen register, SINS and trap & trace (*Id.*).

The Government's reasons for seeking the wiretap order were further expounded upon through Agent McGarry's testimony given at the suppression hearing. Agent McGarry demonstrated, via his affidavit and later through his testimony, why a wiretap was necessary in order to secure evidence that the targeted subjects (Rollins, Sr. and co-defendants) were engaged in illegal activity, as well as reveal the "true scope and nature of the offenses and the unknown participants in them" (*Id.* at 4). A wiretap that enables investigators "to gauge the depth and scope of [a] conspiracy" meets the requirements under **§ 2518(1)(c)**. ***United States v. Fudge*, 325 F.3d 910, 919 (7th Cir. 2003)**.

Rollins, Sr. offers nothing additional in way of legal argument or evidence to support his assertion that the Court's ruling on his Motion to Suppress was erroneous. He merely appears to be reinstating his original Motion to Suppress. The Court still finds that the wiretap application and affidavit were carefully considered by the Court and found to have sufficiently met the statutory requirements to warrant the wiretap order. The Government adequately demonstrated how it was reasonably unlikely that the alternate methods of investigation would work and that the wiretap was the only practical method for the

investigators to make their case involving a number of conspirators. As such, a new trial cannot be granted as the Court does not find its prior ruling erroneous.

**B.     DEA Special Agent McGarry**

Rollins, Sr. also believes admission of Special Agent John McGarry's testimony during trial was erroneous, as he should not have been deemed a "lay" witness under **FEDERAL RULE OF EVIDENCE 701**. Instead, Rollins, Sr. believes Agent McGarry's testimony amounted to **Rule 702** expert testimony and as such, proper foundation was not laid prior to his testimony and the Government failed to disclose Agent McGarry as an expert witness prior to trial. Agent McGarry was the lead DEA agent on the investigation of co-defendants' drug distribution conspiracy. Part of his duty as lead investigator required him to oversee all wiretapped telephone calls. During trial, Rollins, Jr. filed a Motion in Limine to Exclude Expert Testimony of Undisclosed Government Witness (Doc. 342),[4] seeking to bar this testimony as it was not disclosed pursuant to a Motion for Disclosure of Expert Testimony made by co-defendant Slack (Doc. 276).

In particular, Rollins, Sr.'s argument in his Rule 33 Motion centers around the assertion that Agent McGarry was an "expert" witness for the Government, in that he testified as to what he believed "was occurring in the [wiretapped] conversation, including his beliefs as to which specific drugs, amounts

---

[4] Co-defendant Talia Pittman also filed a similar Motion (Doc. 358). At trial, both Motions were argued simultaneously and Rollins, Sr., along with the remaining co-defendants, joined the Motions.

and prices were being discussed in each conversation" (Doc. 450, p. 5). In other words, this "specialized" knowledge regarding code words for certain narcotics constituted expert testimony under **FEDERAL RULE OF EVIDENCE 702**. On the other hand, the Government asserted Agent McGarry's testimony was actually lay witness testimony under **FEDERAL RULE OF EVIDENCE 701**, as he merely provided his "impressions" of what he had personally observed from the wiretapped conversations. Therefore, because the Government never offered Agent McGarry as an expert witness, it does not believed there was a failure to comply with the disclosure requirements of **FEDERAL RULE OF CRIMINAL PROCEDURE 16**.

Under **Rule 701**, lay opinion testimony must be limited to the observations of the witness "that are 'not based on scientific, technical, or other specialized knowledge within the scope of **Rule 702**.'" ***United States v. Conn*, 297 F.3d 548, 553 (7th Cir. 2002)(quoting FED. R. EVID. 701)**. The court must closely scrutinize lay witness testimony to ensure it does not encroach upon the realm of expert testimony, especially if that witness has not previously been identified as an expert witness. *Id.* In *Conn*, the Seventh Circuit found the testimony of an ATF agent went beyond that of a lay witness because "[h]e was asked to draw upon his accumulated knowledge and to provide information to the jury about the appropriate characterization of Mr. Conn's firearms . . . ." *Id.* **at 554-55**. However, the Seventh Circuit acknowledged it was possible for an agent to testify as a lay witness if based only upon his personal participation in the investigation of the conspiracy. *Id.* **at**

**555 n.3 (citing *United States v. Miranda*, 248 F.3d 434, 441 (5th Cir. 2001))**.

This Fifth Circuit case cited in ***Conn***, although not binding precedent, is nevertheless insightful and on point with the issues raised by Rollins, Sr.'s Motion in Limine. In ***Miranda***, the FBI Special Agent involved with the investigation of the conspiracy gave testimony regarding the meaning behind various code words used by the various callers to describe certain narcotics. ***Miranda*, 248 F.3d at 441**. Defense counsel challenged the Agent's testimony, arguing it was actually **Rule 702** expert testimony and the Agent was unqualified to testify as an expert. The Government argued the Agent's testimony was being offered as **Rule 701** lay witness testimony. The Fifth Circuit agreed with the Government, stating as follows:

> [The Agent's] extensive participation in the investigation of this conspiracy, including surveillance, undercover purchases of drugs, debriefings of cooperating witnesses familiar with the drug negotiations of the defendants, and the monitoring and translating of intercepted telephone conversations, allowed him to form opinions concerning the meaning of certain code words used in this drug ring based on his personal perceptions. We therefore hold that [the Agent's] testimony was admissible pursuant to Rule 701 and that the district court did not abuse its discretion in admitting his testimony.

*Id.*

During trial, the Court applied the same reasoning as the Fifth Circuit. The Court limited Agent McGarry's testimony to his personal perceptions and information acquired solely from his extensive participation in the investigation of the conspiracy. Allowing this testimony under **Rule 701** was permissible because

the Court observed no consistency between related criminal drug conspiracy cases in regards to the narcotics code words used among the co-conspirators. Instead, the code words seem individualized for each particular conspiracy, seemingly, at times, the co-conspirators come up with code terms "on the fly." Therefore, there is no universal narcotics "code language" that one may study and become familiarized with based upon training and experience. Thus, the Court denied the Motion because "each group of conspirators is different and there's no way to really apply your training and your experience to figure out what each group's terminology means. It's just guesswork each and every time . . ." (Trial Transcript, January 26, 2007).[5]

Rollins, Sr. has presented nothing more than a broad assertion that the Court's decision to allow Agent McGarry to testify as a lay witness was erroneous as his impressions were irrelevant or unduly prejudicial. Moreover, the supporting cases cited in his Rule 33 Motion are distinguishable, because the testifying agents were attempting to draw upon their experience when deciphering the narcotics code words. In this case, the Court found there was no "universal code" with which one could study or become proficient in over time, and it also limited the testimony to Agent McGarry's own perceptions with the investigation regarding the conspiracy at issue in this case only. Rollins, Sr.'s argument, therefore, is not well-taken. Moreover, the jury was advised at the time of the testimony that it must decide for itself whether to believe the Agent's testimony regarding his interpretation of the

---

[5] The Court notes that there are no page numbers as a transcript for this portion of the trial was never ordered and therefore, the quote is taken from a rough draft of the real time electronic transcript.

wiretapped calls and then must decide for itself the meaning of the words in question.  Further, because the Court does not find Agent McGarry's testimony constituted **Rule 702** expert testimony, it also finds the Government did not fail to properly disclose under **Rule 16**.  Even had this testimony been inadmissible, the Court does not find it would have prejudiced the jury's verdict as there was other witness testimony provided to decipher the code language, amounts and pricing of the narcotics, from which the jury could have derived its finding of guilt.

### IV.  CONCLUSION

To summarize, the Court does not find that the items raised in Rollins, Sr.'s Rule 33 Motion amount to trial errors.  In any event, in the Court's discretion, it does not find Rollins, Sr. has met his burden under Rule 33 to show Court error resulted in having a prejudicial effect upon the jury verdict nor did it jeopardize his substantive rights in order to justify the extreme remedy of granting a new trial. Accordingly, Rollins, Sr.'s Motion for New Trial (Doc. 453) is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed this 24th day of May, 2007.

/s/     David  RHerndon
**United States District Judge**