**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JAMES E. ROLLINS, SR.,**

    **Defendant.**                    **Case No. 05-cr-30133-4-DRH**

<u>**ORDER**</u>

**HERNDON, District Judge:**

        Before the Court is defendant James E. Rollins, Sr.'s Motion for New Trial (Doc. 647), filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**. Defendant filed this Motion *pro se* even though he is currently represented by counsel. The Government, in its opposing Response (Doc. 650), requests that the Court either strike it for being filed *pro se* while Defendant is represented by counsel, deny it as untimely pursuant to Rule 33, or, in the alternative, allow the Government an additional 45 days to file a supplemental Response.

        While it is at the Court's discretion, a *pro se* motion filed while the movant is represented by counsel, may be stricken as improper. ***See, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998)**. The record does not show that Defendant's attorney ever moved to withdraw his representation. Under the Local Rules, an attorney may not withdraw an entry of appearance for a party

without leave of court.  **S.D. Ill. L. R. 83.1(f)**.  It also appears that Defendant's attorney has continued to represent him on appeal of this case to the Seventh Circuit.[1]  The Court finds it proper in this instance to strike the Motion, as it was filed *pro se* by Defendant while he was still apparently represented by counsel.

As an aside, even if the Court were not to strike the Motion as improperly filed, it would find that it must be denied for being untimely filed in accordance with Rule 33.  Rule 33 governs motions for new trial.[2]  Unless the motion for new trial is "grounded on newly discovered evidence," Rule 33 requires such motion be filed "within 7 days after the verdict or finding of guilty."  **FED. R. CRIM. P. 33**.  As the Government correctly argues, nowhere in his *pro se* Motion does Defendant present new evidence as grounds for granting a new trial.  Rather, Defendant's grounds consist of evidentiary and constitutional issues, including ineffectiveness of counsel, during trial and sentencing proceedings.  A Final Judgment in this case was entered against Defendant on July 11, 2007 (Doc. 551).  Defendant's *pro se* Motion for New Trial (Doc. 647) was not filed until March 31, 2008.  Therefore, the *pro se* Motion far exceeded the filing deadline mandated under Rule 33 and would be denied as untimely filed.  ***See, e.g., United States v. Brown***, **742 F.2d 363, (7th Cir. 1984) ("[A] district court may not entertain a motion for**

---

[1]  The Court notes that Defendant's appeal is still pending in front of the Seventh Circuit and so, even if the Court found merit in the instant motion, the Court would not currently have proper jurisdiction to consider it until his appeal has been decided.

[2]  Incidentally, a Motion for New Trial was previously filed on Defendant's behalf by counsel on March 22, 2007 (Doc. 453), and thereafter denied (Doc. 501).

**new trial filed beyond the 7-day limit in Rule 33 . . . .") (citations omitted)**.

In conclusion, Defendant's Motion for New Trial Pursuant to Rule 33 (Doc. 647) is hereby **STRICKEN** from the record as being improperly filed, *pro se*, while Defendant was represented by counsel.

**IT IS SO ORDERED**.

Signed this 23rd day of May, 2008.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**