IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**JAMES E. ROLLINS, SR.,**

    Defendant.                       Case No. 05-cr-30133-4-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

On May 23, 2008, the Court issued an Order (Doc. 653), striking defendant James E. Rollins, Sr.'s Motion for New Trial (Doc. 647), as being improperly filed *pro se* while represented by counsel. Defendant now files, *pro se*, a Motion for Reconsideration (Doc. 654) of the Court's Order.

Unlike Defendant suggests in the instant Motion, the Court did have authority under ***Gwiazdzinski*** to strike his Motion for New Trial as it was filed *pro se* while he was represented by counsel. ***United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998)**. The Court agrees that ***Gwiazdzinski*** does not stand for the proposition that all pleadings filed *pro se* by a defendant while represented by

counsel must be stricken by the court. The Court is also cognizant of the facts and procedural context Defendant points out that distinguishes his case from ***Gwiazdzinski***. Yet, the Court finds it does not change the underpinnings of ***Gwiazdzinski's*** holding, which provides that a court may exercise its own discretion when deciding whether to accept the *pro se* filing or to strike the pleading, as "[a] defendant does not have an affirmative right to submit a *pro se* brief when represented by counsel." ***Id.*** Here, Defendant's counsel has directly appealed the judgment entered against Defendant in this case to the Seventh Circuit. Moreover, Defendant's counsel previously filed a Motion for New Trial (Doc. 453), which covered several similar issues that Defendant attempts to raise in his *pro se* Motion for New Trial (Doc. 647). Defendant's initial Motion for New Trial (Doc. 453) was denied by this Court (Doc. 501). If Defendant seeks to represent himself in front of this Court, he should first terminate his employment of counsel, who must then withdraw from this case. Otherwise, it is the general policy of this Court not to entertain *pro se* filings of a party who is represented by counsel.

      Now, the Court will show why the instant Motion for Reconsideration (Doc. 654), even if the Court decided not to strike it, has no merit. Nowhere under the Federal Rules of Criminal Procedure exists the authority for one to file a "motion for reconsideration" of a previous court ruling, although such procedural vehicle does exist in civil cases. **See *United States v. Griffin*, 84 F.3d 820, 826 n.4 (7th Cir. 1996) ("We are at a loss to understand any basis under federal law or rules**

**of criminal procedure for what is typically described as a "motion to reconsider . . . [t]here is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration.")**. Therefore, the instant Motion is not proper and should be denied for this reason.

Even though the Court ultimately decided to strike Defendant's *pro se* Motion for New Trial (Doc. 647), in its May 23, 2008 Order (Doc. 653) it discussed why it would deny this Motion on the merits if it were not to have been stricken, but instead, considered by the Court. Specifically, the Court found that Defendant's *pro se* Motion for New Trial (Doc. 647) was untimely under **FEDERAL RULE OF CRIMINAL PROCEDUR 33**, in that such motions are required to be filed "within 7 days after the verdict or finding of guilty." Because the Court determined Defendant's Motion was not "grounded on newly discovered evidence," filing it nearly a year after trial "far exceeded the filing deadline mandated under Rule 33 and would be denied as untimely filed" (Doc. 653, pp. 2-3, citing ***United States v. Brown*, 742 F.2d 363, (7th Cir. 1984) ("[A] district court may not entertain a motion for new trial filed beyond the 7-day limit in Rule 33 . . . .")**).

In the instant Motion (Doc. 654), Defendant now argues that his *pro se* Motion for New Trial was, in fact, grounded upon newly discovered evidence and thus, should have been considered timely filed. Defendant believes his claims of ineffective assistance of counsel amount to "newly discovered evidence" under Rule 33. In support of this assertion, Defendant cites to a case that the Court finds

unavailing and rather contrary to Defendant's position (Doc. 654, pp4-5, citing ***United States v. Ellison*, 557 F.2d 128 (7th Cir. 1977),** *certiorari denied* **434 U.S. 965**), In ***Ellison***, the Seventh Circuit reviewed the district court's denial of Defendant's motion for new trial because it was untimely filed pursuant to Rule 33. While the Seventh Circuit did not explicitly rule out the possibility that in some cases, evidence of ineffective assistance of counsel could be "newly discovered,"[1] it acknowledged that when these underlying facts were known to the defendant during trial, it could not be "new evidence." ***Id*. at 133-34 ("Where, as here, the facts alleged in support of a motion for a new trial were within the defendant's knowledge at the time of trial, such a motion may not be treated as one in the nature of newly discovered evidence for purposes of Rule 33.")**. ***Ellison*** also recognized that its holding was in apparent conflict with an opinion out of the District of Columbia Circuit, but remain unconvinced that it should relax the "normative notions of 'newly discovered' evidence. ***Id*. (disagreeing with *United States v. Brown*, 476 F.2d 933, 935 (D.C. Cir. 1973))**.

In his *pro se* Motion for New Trial (Doc. 647), Defendant argued that his counsel was ineffective for the following reasons: (1) counsel failed to inform Defendant of his right to testify on his own behalf; (2) counsel failed to call Defendant

---

[1] The requirements for evidence to be deemed "newly discovered" under Rule 33 were set out in ***Ellison*** as follows: "(1) that the evidence was discovered since the trial; (2) that the evidence could not have been discovered sooner with the exercise of due diligence; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is so material that it probably would produce a different verdict." ***Id*. at 133 n.2 (citing *United States v. Curran*, 465 F.2d 260, 264 (7th Cir. 1972)).**

to testify, even though Defendant claims he expressed a desire to do so; (3) counsel failed to call certain witnesses to testify as part of their defense; (4) counsel failed to object to the court's error in not establishing on the record Defendant's waiver of his right to testify; (5) counsel's failure to raise these issues on direct appeal; (6) counsel's failure to object to Government's comments that Defendant did not testify as such comments violated his Fifth Amendment rights – and subsequent failure to raise this issue on direct appeal; and (7) counsel's failure to raise certain objections during Defendant's sentencing.

From the record, it is apparent that Defendant was aware of many of the asserted "ineffectiveness" grounds during trial, and such grounds cannot be considered "newly discovered" under Rule 33. Regarding his right to testify during trial, in his *pro se* Motion, Defendant states that he "expressed dissatisfaction with the attorney for failing to call Defendant to testify" (Doc. 647, p. 4). This statement evinces Defendant's awareness of his belief that counsel was being "ineffective" during trial. This is nothing new. The fact that Defendant claims he was not aware that he had a constitutional right to testify on his own behalf is contravened by the trial transcript, where the Court told Defendants they had a right to choose to testify as well as a right to choose not to testify (*see* Doc. 647, pp. 20). The Court also expressed that it was not appropriate for it to "interfere with the attorney-client privilege" and would not make record of any discussion about whether the defendants wished to take the stand. Again, this does not amount to "new" evidence – Defendant was aware (or should have been) during trial regarding the Court's

"admonishment" on the record of his right to testify. The remaining grounds for ineffectiveness of counsel deal either with Defendant's direct appeal or his sentencing, which are not considered appropriate subject matter for a Motion for New Trial. Therefore, these grounds also cannot be deemed "newly discovered evidence."

Lastly, Defendant points out that case law allows a district court's consideration of a Rule 33 Motion for New Trial while a direct appeal is pending. The Court concedes this point with the clarification that Seventh Circuit law allows a court to consider such a motion, but only with the option of denying the motion on the merits or "certify[ing] its determination so that a motion for remand of the pending appeal may be favorably entertained in the court of appeals." ***See Ellison, 557 F.2d at 132.*** Yet, ***Ellison*** was clear that district courts did not have to entertain motions for new trial that were untimely filed under Rule 33. ***Ellison, 557 F.2d at 132***.

In conclusion, it is the Court's general policy and within its discretion to strike motions filed *pro se* by parties who are represented by counsel. Thus, Defendant's *pro se* Motion for Reconsideration (Doc. 654) is hereby **STRICKEN** from the record. However, the Court considered Defendant's arguments to show that even if his instant Motion had not been stricken, it would still be denied. First, the Motion would be properly denied because the Federal Rules of Criminal Procedure do not allow a motion to reconsider. In the alternative, the Motion would be denied on the

merits, Defendant having failed to present convincing grounds showing that his ineffective assistance of counsel claims in his *pro se* Motion for New Trial (Doc. 647) should be considered "newly discovered evidence." As such, the Court stands by its original "alternative" holding that the Motion (Doc. 647) was untimely filed under Rule 33.

**IT IS SO ORDERED**.

Signed this 5th day of June, 2008.

/s/      *DavidRHerndon*

**Chief Judge**
**United States District Court**