IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES E. ROLLINS, SR.,

    Defendant.                                         Case No. 05-cr-30133-4-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

On June 5, 2008, the Court issued an Order (Doc. 655) striking defendant James E. Rollins, Sr.'s Motion for Reconsideration (Doc. 654), because it was filed *pro se* while Defendant was represented by counsel.[1] Defendant's Motion

---

[1] The Court stated as follows: (Doc. 655, p. 2.)

> Unlike Defendant suggests in the instant Motion, the Court did have authority under ***Gwiazdzinski*** to strike his Motion for New Trial as it was filed *pro se* while he was represented by counsel. ***United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998)**. The Court agrees that ***Gwiazdzinski*** does not stand for the proposition that all pleadings filed *pro se* by a defendant while represented by counsel must be stricken by the court. . . . Yet, the Court finds it does not change the underpinnings of ***Gwiazdzinski's*** holding, which provides that a court may exercise its own discretion when deciding whether to accept the *pro se* filing or to strike the pleading, as "[a] defendant does not have an affirmative right to submit a *pro se* brief when represented by counsel." ***Id.*** Here, Defendant's counsel has directly appealed the judgment entered against Defendant in this case to the Seventh Circuit. Moreover, Defendant's counsel previously filed a Motion for New Trial (Doc. 453), which covered several similar issues that Defendant attempts to raise in his *pro se* Motion for New Trial (Doc. 647). Defendant's initial Motion for New Trial (Doc. 453) was denied by this Court (Doc. 501). If Defendant seeks to represent himself in front of this Court, he should first terminate his employment of counsel, who must then withdraw from this case. Otherwise, it is the general policy of this Court not to entertain *pro se* filings of a party who is represented by counsel.

for Reconsideration regarded the Court's May 23, 2008 Order (Doc. 653), which struck Defendant's Motion for New Trial, as it was also filed *pro se* while Defendant was represented by counsel.  On June 9, 2008, Defendant again filed a Motion for Reconsideration (Doc. 656), of the Court's June 5, 2008 Order (Doc. 655), striking Defendant's first Motion for Reconsideration (Doc. 654).  However, since filing this most recent Motion for Reconsideration (Doc. 656), Defendant has filed a Notice of Appeal (Doc. 657), regarding both the Court's June 5, 2008 Order (Doc. 655) and its May 23, 2008 Order (Doc. 653).

Because this matter is now on appeal to the Seventh Circuit, the Court has no jurisdiction to consider Defendant's Motion to Reconsider (Doc. 656).  "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ***Kusay v. U.S.*, 62 F.3d 192, 193-94 (7th Cir. 1995) (citations omitted)**.  Yet, a district court may address ancillary matters while the case is on appeal. ***Id. at 194***.

Here, the Seventh Circuit will address the Court's orders striking both Defendant's Motion for New Trial and first Motion to Reconsider.  Thus, the appellate court will either affirm the Court's decision to strike, dismiss the appeal or remand it back to the Court for further proceedings.  Either way, there will be no further

need for the Court to reconsider its previous orders once the Seventh Circuit has spoken on the matter – it will either be bound by its decision to affirm/dismiss or else have the opportunity to revisit Defendant's motions on remand.  Furthermore, nowhere under the Federal Rules of Criminal Procedure exists the authority for one to file a "motion for reconsideration" of a previous court ruling, although such procedural vehicle does exist in civil cases.  **See United States v. Griffin, 84 F.3d 820, 826 n.4 (7th Cir. 1996) ("We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a "motion to reconsider . . . [t]here is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration.")**.  Accordingly, without making a ruling upon the motion because it currently does not possess the jurisdiction to do so, the Court finds Defendant's Second Motion to Reconsider (Doc. 656) to be **MOOT** in light of Defendant's concurrent appeal of the same order he seeks this Court to reconsider.

    **IT IS SO ORDERED**.

    Signed this 7th day of January, 2009.

/s/    *David R Herndon*

**Chief Judge**
**United States District Court**