IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


UNITED STATES OF AMERICA,

     Plaintiff,

v.

JAMES E. ROLLINS, SR.,

     Defendant.                             Case No. 05-cr-30133-4-DRH


## MEMORANDUM & ORDER


**HERNDON, District Judge:**

     Before the Court is defendant James E. Rollins, Sr.'s *pro se* Motion for New Trial (Doc. 684), filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**, to which the Government has filed an opposing Response (Doc. 685).[1] Rule 33 governs motions for new trial. Unless the motion for new trial is "grounded on newly discovered evidence," Rule 33 requires such motion be filed "within 7 days after the verdict or finding of guilty." **FED. R. CRIM. P. 33(a)**. If a motion for new trial is grounded on newly discovered evidence, such motion must be filed "within 3 years after the verdict or finding of guilty." **FED. R. CRIM. P. 33(b)**.

     Jury verdicts against Defendant were returned on February 13, 2007.

---

[1] Defendant is no longer represented by counsel and he also no longer has his *pro se* appeal pending.

The instant Motion for New Trial (Doc. 684), was filed on February 3, 2009,[2] nearly

two years later.  Thus, it is clearly past the 7-day filing period stated in Rule 33(a).

As such, Defendant asserts that his Motion is based on newly discovered evidence,

namely, "Grand Jury transcripts and the testimony and the ineffective assistance of

counsel discovered since trial" (Doc. 684, p. 2).  In response, the Government

opposes Defendant's Motion, arguing that he fails to demonstrate any "newly

discovered" matters and, at best, his arguments are merely just "newly thought up"

(Doc. 685, p. 2).

Prosecutor Misconduct

First, Defendant argues that newly discovered evidence of prosecutorial

misconduct warrants a new trial.  Defendant asserts that the Government's failure

to produce an arrest warrant, an affidavit and authorization for a trap and trace,

Grand Jury materials and a copy of the recording of his interrogation constituted an

overall failure of the Government to fulfill its discovery obligations under ***Brady***

(Doc. 684, p. 2).  The record indicates that Defendant's trial counsel had received all

discovery relevant to Defendant in this case and thus, the Government fulfilled its

pre-trial discovery requirements (*see* Doc. 683, p. 2).  Defendant also subsequently

admits in the instant Motion that his trial counsel was in possession of the Grand

Jury transcript during trial (Doc. 684, p. 9).  Therefore, Defendant's assertions of

prosecutorial misconduct for withholding discovery materials are found to be

---

[2]  Using the mailbox rule, the date of mailing Defendant's Motion is considered his date of filing.

without merit.

Continuing, Defendant argues it was prosecutorial misconduct for the Government to present evidence of the recovery of a firearm and other evidence from Defendant's residence, for which he was not charged. Again, it is evident these were actions which occurred *during* trial and as such, will not amount to newly discovered evidence.

Also under the claim of prosecutorial misconduct, Defendant accuses the Government of using racially and culturally biased trial tactics in presenting him as "ignorant." In support, Defendant expounds upon various statistics and societal generalizations, aiming to show a disparity between the intelligence level of Caucasian Americans versus African-Americans. What Defendant does not do, however, is point to any specific instances supporting his conclusory assertion that the Government utilized racially biased trial tactics. The Court, having observed the trial, finds no evidence of such racial or ethnic stereotyping made by the Government against any of the Defendants. Regardless of this finding, the Court also notes that the wrongful behavior is alleged to have occurred during trial proceedings and therefore cannot be considered newly discovered evidence.

Lastly, Defendant asserts that prosecutorial misconduct occurred when the Government presented perjured testimony to the Grand Jury via Agent McGarry's testimony. Again, this assertion describes behavior occurring before or during trial. Defendant offers no explanation as to why these circumstances would be unknown to him (or that the information was unavailable to him or his trial

counsel) in order to file a timely motion for new trial.  As such, the Court cannot conclude that this constitutes newly discovered evidence.

The Court finds that all of Defendant's assertions regarding prosecutorial misconduct (unless found to be meritless), consist of underlying facts known to Defendant or his trial counsel before or during trial.  ***See United States v. Ellison*, 557 F.2d 128, 133-34 (7th Cir. 1977) ("Where, as here, the facts alleged in support of a motion for a new trial were within the defendant's knowledge at the time of trial, such a motion may not be treated as one in the nature of newly discovered evidence for purposes of Rule 33."), *certiorari denied*, 434 U.S. 965 (1977)**.  These assertions cannot be properly characterized as newly discovered evidence and therefore, are untimely made.

Perjured Grand Jury Testimony

In addition to the prosecutorial misconduct assertion regarding the Government's presentation of perjured testimony to the Grand Jury, Defendant further argues that Agent McGarry's testimony to the Grand Jury, in itself, as it was allegedly perjured testimony, warrants granting a new trial.  While listing many specific instances of McGarry's testimony which Defendant argues amounts to hearsay evidence, Defendant fails to show how such testimony, given before trial, constitutes newly discovered evidence under Rule 33(b).  (It is not adequate for Defendant to assert at the onset of his Motion that all evidence constitutes "newly discovered evidence.")  Moreover, defense counsel cross-examined McGarry during

Defendant's trial, at length, regarding any alleged inconsistencies between his Grand Jury and trial testimony. The Court finds Defendant's argument in this regard does not constitute newly discovered evidence and cannot, therefore, be considered timely under Rule 33 to warrant granting a new trial.

Ineffective Assistance of Counsel

Once again, Defendant argues various instances of ineffective assistance of trial counsel warrant granting a new trial: (1) counsel failed to raise the issue of a *Miranda* violation during trial and on appeal; (2) counsel refused Defendant's multiple requests to review the Grand Jury transcripts before, during and after trial; (3) counsel improperly conducted his pre-trial investigation; (4) counsel failed to challenge Defendant's indictment prior to trial; (5) counsel failed to appeal Defendant's conviction based on prosecutorial misconduct and for an indictment based on hearsay and perjured Grand Jury testimony; (6) counsel failed to impeach four of the Government's witnesses for making inconsistent statements; (7) counsel failed to impeach Agency McGarry for giving perjured Grand Jury testimony; (8) counsel failed to raise a *Brady* violation during trial and on appeal; (9) counsel failed to raise the issue of illegally seized evidence during trial and on appeal; (10) counsel failed to challenge the unlawfully admitted, highly prejudicial photograph evidence of Defendant's handgun; (11) counsel failed to argue the lack of proximity and temporal requirement for a 2-point enhancement during sentencing and for failing to instead have the matter presented to the jury; (12) counsel failed to argue the Defendant's recovered handgun could not have been present or connected to the

offense; (13) counsel failed to challenge Agent McGarry's trial testimony as hearsay; (14) counsel failed to raise the issue of insufficient evidence to support Defendant's conviction on appeal (based on evidence that controlled substance was marijuana and not cocaine base); and (15) counsel failed to include the argument of lack of evidence of conspiracy on appeal.

The Court finds that Defendant's assertions regarding his ineffective assistance of counsel claims amount to disagreements in trial tactics and the legal impact of what Defendant perceives to be his trial counsel's "failures" or shortcomings. These assertions do not, however, show that his trial counsel failed to meet the standard set forth in **Strickland**. This standard requires a showing of professionally unreasonable conduct coupled with a showing of prejudice. **Strickland v. Washington**, **466 U.S. at 688, 691 (1984)**. In other words, "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Bell v. Cone, 535 U.S. 685, 694 (2002)(quoting Strickland, 466 U.S. at 688, 694); see also Davis v. Lambert, 388 F.3d 1052, 1059 (2004)(citing Strickland, 466 U.S. at 688, 694)**. Moreover, what may appear to be failure on the part of his counsel to the Defendant are seen through the eyes of hindsight. The Court observed vigorous cross examination by Defendant's counsel and vigorous and aggressive assertion of Defendant's rights and interests. In other words, counsel did just what Defendant accuses him of not doing.

Further, as many of Defendant's trial counsel's alleged "failures" occurred during (or before) trial, this cannot constitute newly discovered evidence. As the Seventh Circuit previously stated in this regard, "Rollins may not have realized the legal significance of counsel's actions until after trial, but this information was within his knowledge at the time of trial, and thus was not newly discovered." ***United States v. Rollins, Sr.*, No. 08-2531, 2009 WL 270032 at \* 1 (7th Cir. Feb. 5, 2009)**.

In sum, the Court finds Defendant's Motion for New Trial (Doc. 684) asserts nothing which constitutes newly discovered evidence. As such, it is untimely filed under Rule 33 and must be **DENIED**.

**IT IS SO ORDERED**.

Signed this 15th day of April, 2009.

/s/      David R Herndon

**Chief Judge**
**United States District Court**