IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**JAMES E. ROLLINS, SR.,**

    **Defendant.**                                         Case No. 05-cr-30133-4-DRH

**<u>ORDER</u>**

**HERNDON, Chief Judge:**

       Before the Court are two pending motions, filed *pro se* by defendant James E. Rollins, Sr. The first is a Motion to Alter or Amend Judgment Pursuant to Civil Procedure Rule 59 (Doc. 702) regarding the Court's April 15, 2009 Order (Doc. 694) denying Defendant's *pro se* Motion for New Trial (Doc. 684). Defendant's second filing is a Motion to Alter or Amend Judgment Pursuant to Civil Procedure Rule 59 (Doc. 703) regarding the Court's April 15, 2009 Order (Doc. 697) denying Defendant's Motion to Compel Court to Order Government to Provide Motion (Doc. 695).

       Without delving into the substance of either of Defendant's pending

Motions, they must be denied for the following reasons. First, as stated by the Court in several of its prior Orders denying other post-trial motions filed by Defendant, the Federal Rules of Criminal Procedure do not allow a defendant to file a "motion for reconsideration" of a previous court ruling (even though such procedural vehicle does exist in civil cases). **See United States v. Griffin, 84 F.3d 820, 826 n.4 (7th Cir. 1996) ("We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a "motion to reconsider . . . [t]here is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration.")**. Further, Defendant has filed his pending Motions pursuant to the Federal Rule of *Civil* Procedure 59. Clearly, however, a party in a *criminal* case cannot move for relief pursuant to a rule pertaining only to *civil* litigation. Therefore, the pending Motions are not proper and should be denied for this reason.

Second, although Defendant did not have the opportunity to view the Court's most recent Order issued in this case before mailing his two pending Motions, the Court's April 27, 2009 Order (Doc. 700), which denied as moot Defendant's Motion for Leave to File (Doc. 698) and Motion to Compel (Doc. 699), the Court stated: "Mr. Rollins needs to understand this case is over. This Court does not have jurisdiction in the criminal case to provide him with any relief and the filing of documents in this case needs to cease" (Doc. 700, p. 3). The Court's statement pertains to Defendant's pending Motions.

Accordingly, for the reasons discussed herein, Defendant's Motions to Alter or Amend Judgment Pursuant to Civil Procedure Rule 59 (Docs. 702 & 703) are **DENIED FOR LACK OF JURISDICTION**.

**IT IS SO ORDERED**.

Signed this 1st day of May, 2009.

/s/ David R Herndon

**Chief Judge
United States District Court**