IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES E. ROLLINS, SR.,

    Defendant.                                     Case No. 05-cr-30133-4-DRH

### ORDER

**HERNDON, Chief Judge:**

        Pursuant to a Mandate (Doc. 745) issued by the United States Court of Appeals for the Seventh Circuit, the Court's judgment as to defendant James E. Rollins, Sr., has been vacated and this case hereby remanded for proceedings consistent with the appellate court's opinion. In accordance with the Seventh Circuit's opinion, therefore, the Court hereby allows Defendant the option of choosing whether he would prefer his Motion for New Trial (Doc. 684), filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**: (1) be treated by this Court as a petition pursuant to **28 U.S.C. § 2255**,[1] or (2) be dismissed so that Defendant

---

[1] ***Castro v. United States*, 540 U.S. 375, 383 (2003)** advised that when a court believes that a *pro se* motion amounts to a petition under **28 U.S.C. § 2255**, the *pro se* litigant should be informed of the court's intent to recharacterize said motion based on the following rationale:

> The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, **warn the litigant that this recharacterization means that any subsequent § 2255 motion will be**

may file an actual § 2255 petition under a new civil case number.[2]

Defendant is hereby **ORDERED** to file a memorandum with this Court in this case, stating which option he elects.  The Court advises Defendant that should he elect for the Court to treat his Motion (Doc. 684) as a § 2255 petition, and if he files any additional § 2255 petitions in the future, they may very well be subject to dismissal as a "second or successive" motion unless he seeks and receives the permission of the Seventh Circuit Court of Appeals to proceed with such petitions.  ***See* 28 U.S.C. § 2255(h)**.  Defendant shall file said memorandum by **Friday, August 27, 2010**.

**IT IS SO ORDERED**.

Signed this 29th day of July, 2010.

/s/    David R Herndon
**Chief Judge
United States District Court**

---

***subject to the restrictions on "second or successive" motions***, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.  If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Id*. at 383 **(emphasis added)**.

[2]  Because the Mandate vacated the judgment against Defendant in this matter, it appears that under **28 U.S.C. § 2255(f)(1)**, should Defendant elect to have his Motion for New Trial (Doc. 684) dismissed, a new judgment would thereafter be entered and Defendant would then have up to a year from the entry of the new judgment to file his § 2255 petition.