IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JAMES E. ROLLINS, SR.,**

    **Defendant.**                                   Case No. 05-cr-30133-4-DRH

## ORDER

**HERNDON, Chief Judge:**

On July 29, 2010, the Court issued an Order (Doc. 746), pursuant to a Mandate (Doc. 745) issued by the United States Court of Appeals for the Seventh Circuit, vacating the Court's judgment as to defendant James E. Rollins, Sr. ("Defendant") and remanding this case. In accordance with the Seventh Circuit's Mandate, the Court's July 29, 2010 Order directed Defendant to file a memorandum with the Court, to state whether he would prefer his Motion for New Trial (Doc. 684), filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**: (a) to be treated by this

Court as a petition pursuant to **28 U.S.C. § 2255**,[1] or (b) to be dismissed so that Defendant may file an actual § 2255 petition under a new civil case number.[2]

In his timely filing, Defendant did not, however, elect an option. Instead, he has filed another Motion to Alter or Amend Judgment (Doc. 747), asking the Court to reconsider its July 29, 2010 Order (Doc. 746), issued pursuant to the Seventh Circuit's Mandate (Doc. 745). Defendant appears to argue that rather than choose between the options of dismissing his motion for new trial or electing to treat it as a § 2255 petition, his motion should be considered on their merits under Rule 33, as Defendant claims they are based upon "new evidence," and thus proper and timely for consideration. In particular, Defendant believes he should be granted a new trial based on the asserted grounds that the prosecution violated **Brady v. Maryland, 373 U.S. 83, 87 (1963)**, by failing to produce grand jury trial

---

[1] **Castro v. United States, 540 U.S. 375, 383 (2003)** advised that when a court believes that a *pro se* motion amounts to a petition under **28 U.S.C. § 2255**, the *pro se* litigant should be informed of the court's intent to recharacterize said motion based on the following rationale:

> The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, **warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions**, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Id.* at 383 (emphasis added).

[2] Because the Mandate vacated the judgment against Defendant in this matter, it appears that under **28 U.S.C. § 2255(f)(1)**, should Defendant elect to have his Motion for New Trial (Doc. 684) dismissed, a new judgment would thereafter be entered and Defendant would then have up to a year from the entry of the new judgment to file his § 2255 petition.

transcripts prior or during trial. These transcripts, he argues, constitute "new evidence," which he believes will result in Rule 33 relief. In support, Defendant cites several circuit cases to demonstrate that a Rule 33 motion for new trial premised on a *Brady* violation are proper. One such opinion is **United States v. Young, 20 F.3d 758 (7th Cir. 1994)**, which stated that "[a] timely motion for a new trial under Rule 33 allows the district court to consider and the appellate court to review and accompanying *Brady* claim without invoking habeas corpus jurisdiction." **Id. at 762 n.6, citing United States v. Kozinski, 16 F.3d 795, 817 (7th Cir. 1994)**.

Considering Defendant's argument for reconsideration, the Court finds it is without merit. First, the Seventh Circuit directly stated, in its remand order in this case, that Rule 33 does not apply to Defendant's motions:

> As we mentioned earlier, the district court denied the motion because none of the evidence on which Rollins relies is "newly discovered." The judge did not ask an antecedent question: whether Rule 33 applies. It does not. Rule 33 deals with contentions that evidence discovered after trial shows that the accused is innocent. The recantation of an important witness fits this description; new DNA analysis or other scientific evidence also would come within Rule 33. But Rollins did not advance an argument of this kind. Instead he asserted that the indictment had been procured irregularly, that the prosecutor withheld some information during discovery, that arguments presented to the jury reflected racial bias, and that his attorney furnished ineffective assistance. These are standard contentions under 28 U.S.C. § 2255. We held in *United States v. Evans*, 224 F.3d 670 (7th Cir.2000), that a post-trial motion making arguments within the scope of § 2255(a) is a motion under that statute, even if it bears the caption "Fed.R.Crim.P. 33." *See also, e.g., Melton v. United States*, 359 F.3d 855 (7th Cir.2004).

**United States v. Rollins, 607 F.3d 500, 504 (7th Cir. 2010)**.

As evident from the quoted passage, the Seventh Circuit also noted that one of Defendant's asserted grounds claimed a *Brady* violation, but that this did not constitute grounds properly brought at this time in a Rule 33 motion. It cited the *Evans* case in support, wherein the Seventh Circuit held that a motion for a new trial under Rule 33 based upon new evidence claiming a *Brady* violation, even if "newly discovered," was not proper if the movant did not claim that the evidence demonstrated his actual innocence. Rather, it was merely a § 2255 petition in disguise. ***Evans*, 224 F.3d at 674;** *cf*. ***Ruth v. United States*, 266 F.3d 658, 660-61 (7th Cir. 2001)**.

This Court abides by the Seventh Circuit's instruction in its order remanding this case:

> The district court should have treated Rollins's motion as a petition under § 2255 and asked him whether he wished to proceed on that basis, or to have the motion dismissed. *See Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). (Castro entitles prisoners to make this election because one "real" § 2255 motion forecloses another, unless the criteria of 28 U.S.C. § 2244 and § 2255(h) are satisfied. Uncounselled defendants who think that they are filing some other kind of motion should not lose the opportunity to file one § 2255 motion containing all of their contentions, so the judge must warn them when a paper bearing a different caption counts as one under § 2255.) Rollins filed his motion within a year of our affirmance, so it is timely, § 2255(f)(1), and he has not filed any other collateral attack on his conviction or sentence. Because an initial motion under § 2255 does not depend on evidence being "newly discovered," the district court should have addressed Rollins's arguments on the merits (at least, should do so if Rollins consents under Castro to this recharacterization).

***Rollins*, 607 F.3d at 504**.

Therefore, the Court hereby **DENIES** Defendant's Motion to Alter or Amend Judgment (Doc. 747).  Again, it allows Defendant the opportunity to file a memorandum with the Court to elect whether his Motion for New Trial (Doc. 684), as well as his subsequently-filed Motion for New Trial (Doc. 736),[3] filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**: (a) be treated by this Court as a combined petition pursuant to **28 U.S.C. § 2255**, or (b) be dismissed so that Defendant may file an actual § 2255 petition under a new civil case number.  ***Defendant shall file said memorandum by Friday, September 24, 2010***.  Should Defendant elect option "a" he should be aware that if he later chooses to file another motion or petition seeking habeas relief, it will be deemed a second or successive habeas petition which requires prior certification by the appropriate appellate court.  In other words, he will have to seek the permission of the Seventh Circuit first.  ***See* 28 U.S.C. § 2255(h)**.  Should Defendant elect option "b" he must note that if he wishes to pursue a civil suit for § 2255 habeas relief, he must abide by the time requirements for filing the petition (*see* footnote 2 of this Order).

**IT IS SO ORDERED**.

Signed this 2nd day of September, 2010.

/s/    *David R Herndon*
**Chief Judge**
**United States District Court**

---

[3] In reviewing the Defendant's recent Rule 33 Motion (Doc. 736), the Court deems that it too, must be treated in the same fashion as Defendant's other Motion for New Trial (Doc. 684).