IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                                         **No. 05-cr-30133-DRH**

**JAMES E. ROLLINS, SR.,**

**Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Now before the Court are defendant Jame E. Rollins, Sr.'s motions to dismiss writ of execution and to cease post judgment execution (Doc. 720) and for reconsideration; i.e., a statement of exceptional circumstances requesting leave to file a reply brief (Doc. 735). For the following reasons, the motions are **DENIED**.

## INTRODUCTION AND BACKGROUND

On July 11, 2007, this Court entered a judgment against defendant in the sum of $1,200.00 (Doc. 551). Thus, pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3203(c)(1), the government motioned for a writ of execution against "property in which the debtor has possession, custody, or control, and in which the debtor has a substantial nonexempt property interest which may be levied upon for payment" of the judgment (Doc. 711). The Court

granted the government's motion for writ of execution on October 1, 2009 (Doc. 714).

Thereafter, the Financial Litigation Unit of the United States Attorney Office determined unclaimed funds existed in defendant's name. The Illinois State Treasurer confirmed that Illinois Farmers Insurance Company held $27.06 in defendant's name (Doc. 724, ex. D). Thus, on October 1, 2009, a writ of execution issued to apply the $27.06 against the outstanding balance of defendant's judgment (Doc. 716). The docket demonstrates defendant received service of the writ of execution on October 28, 2009 (Doc. 718).

Defendant filed the instant *pro se* motion to dismiss the writ of execution on December 11, 2009 (Doc. 720). The government responded to defendant's motion on January 7, 2010 (Doc. 724). Defendant then filed a reply to the government's response (Doc. 733) in violation of LOCAL RULE 7.1(c) and (g), as he did not state exceptional circumstances for the reply. *See* SDIL-LR 7.1(c), (g). Thus, the Court allowed defendant 14 days to file a statement of exceptional circumstances as to why defendant's reply brief required consideration (Doc. 734). Defendant thereafter filed a document titled "Statement of Exception Circumstances," contending the government's response "raised new issues which are material to the disposition of the question before this Court" (Doc. 735).

## ARGUMENT AND ANALYSIS

**1. Defendant's motion for reconsideration (Doc. 735) is DENIED**

Defendant filed a reply to the government's response without alleging exceptional circumstances for the reply.  Thus, the Court ordered defendant to file a statement of exceptional circumstances.  Although the nature of defendant's argument is not entirely clear to the Court, it appears defendant contends a reply brief is necessary as the government attached false or misleading documents to its response and made fraudulent statements regarding defendant's notice of the writ of execution. Defendant contends these fraudulent documents and statements raise new arguments that require addressing in a reply brief (Doc. 735, p. 4).

Under LOCAL RULE 7.1(c) and (g), **"[r]reply briefs are not favored and should be filed only in exceptional circumstances.** The party filing the reply brief should state the exceptional circumstances." (emphasis in original).  SDIL-LR 7.1(c), (g).  Further, "reply briefs are not to exceed 5 pages."  SDIL-LR 7.1(d). Thus, pursuant to LOCAL RULE 7.1(c) and (g), a reply brief must set forth exceptional circumstances necessitating supplemental authority; such as a change in law or facts since the filing of its motion, or other exceptional circumstances the Court, in its discretion, believes warrant a reply brief.

Defendant's motion does not state exceptional circumstances warranting the filing of a reply brief.  The government's response does not raise new arguments.  It merely responds to defendant's allegations.  Further, it attaches documents verifying its arguments that do not appear fraudulent.  Moreover,

defendant's reply brief is 11 pages (Doc. 733). Accordingly, it exceeds the 5-page limit. Thus, plaintiff's motion for reconsideration alleging exceptional circumstances requiring the filing of a reply brief (Doc. 735) is **DENIED**.

**2. Defendant's motion to dismiss the writ of execution (Doc. 720) is DENIED**

### a. The property at issue was in fact in defendant's possession, custody, or control

Defendant argues the writ of execution requires dismissal as the government has "not stated in fact that the Defendant had possession, custody, or control of and, a substantial non-exempt interest in property" (Doc. 720, p. 2). Further, defendant contends the government merely speculated the property at issue belonged to defendant; thus, the writ is based on uncertainty (Doc. 720, p. 2). In addition, defendant argues he did not receive timely notice of the writ. As such, he states he did not have time to request a hearing (Doc. 720, pp. 2-3).

The government attached to its response numerous documents demonstrating the factual basis for the conclusion the property at issued belonged to defendant (Doc. 724). Namely, the government attached documentation of a search on the Illinois State Treasurer's website that stated James Rollins had unclaimed property in his name (Doc. 724, ex. A). Further, the government conducted a residential history check to ensure the James Rollins at issue was in fact defendant (Doc. 724, ex. B). Moreover, the government attached a letter from the Illinois State Treasurer confirming the James Rollins at issue was defendant (Doc. 724, ex. D). Thus, the government based the writ not on speculation or

uncertainty, but a diligent and thorough search. As such, the Court is more than satisfied that the $27.06 at issue was in fact in defendant's "possession, custody, or control."

### b. Defendant received timely notice of the writ of execution

Defendant contends he did not receive timely notice of the writ of execution. Thus, he could not request a hearing. The docket demonstrates defendant received service of the writ at issue on October 28, 2009 (Doc. 718). However, defendant contends, and the government does not dispute, that defendant did not receive a document titled "waiver of service of writ of execution" until November 24, 2009 (Doc. 720, p. 3; Doc. 724, p. 3). The document at issue, a copy of which is attached to the government's response, states, "I understand that if I do not request a hearing within 20 days of receiving this notice, my non-exempt property will be applied to my debt in the above-referenced case" (Doc. 724, ex. H).

Thus, the government concedes defendant had until December 14, 2009, to submit a request for a hearing (Doc. 724, p. 3). However, instead of requesting a hearing, defendant filed the instant motion to dismiss on December 11, 2009 (Doc. 720). Accordingly, defendant did not request a hearing within the required 20 days. Therefore, the court finds the government adequately demonstrated defendant received timely notice of the writ of execution. Thus, as the Court finds the government sufficiently demonstrated the $26.07 at issue belonged to defendant and that defendant received timely notice of the writ, defendant's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion to dismiss the writ of execution (Doc. 720). Further, defendant's motion for reconsideration (Doc. 735) is also **DENIED**.

**IT IS SO ORDERED.**

Signed this 5th day of October, 2011.

Digitally signed by David R. Herndon
Date: 2011.10.05 09:52:37 -05'00'

**Chief Judge
United States District Court**